# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-968V

|  |  |
|---|---|
| FELICIA SANCHEZ, | Chief Special Master Corcoran |
| Petitioner, | Filed: June 3, 2026 |
| v. |  |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

*John R. Howie, Jr., Howie Law, P.C., Dallas, TX, for Petitioner.*

*Dorian Hurley, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 22, 2021, Felicia Sanchez filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccination she received on September 12, 2018. Petition, ECF No. 1. On January 3, 2024, I issued a ruling on entitlement finding Petitioner entitled to compensation. ECF No. 33. On September 2, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 46.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $60,955.93 (representing $44,285.50 in fees plus $6,060.56 in costs billed by Petitioner's current counsel John Howie, Jr., and representing $10,215.00 in fees plus $394.87 in costs billed by Petitioner's former counsel Benjamin Hancock). Petitioner's First Application for Fees and Costs ("Motion") filed November 11, 2025, ECF No. 51. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 51-4.

Respondent reacted to the motion on November 24, 2025, stating that he is satisfied that the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent specifically notes, however, that Petitioner is seeking compensation in the amount of $5,086.33 for an expert report from psychiatrist Gerald S. Fredman, M.D., who was retained by Petitioner's prior counsel, Benjamin Hancock, and $66.07 for medical records obtained by Mr. Hancock. Respondent also observes that Mr. Hancock billed more than $10,000.00 for work conducted prior to the petition being filed in this case. Respondent's Response to Motion at ECF No. 53. On November 24, 2025, Petitioner filed a reply indicating that she does not intend to file a substantive response. ECF No. 54.

I have reviewed the billing records submitted with Petitioner's request, and find that a reduction in the amount of attorney's fees and costs to be awarded appropriate, as explained below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage

in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY'S FEES

The rates requested for work performed by Petitioner's current counsel, John Howie, Jr., through 2025 are reasonable and consistent with our prior determinations and will therefore be awarded herein. The rates requested for work performed by Petitioner's former counsel, Benjamin Hancock, require further evaluation and adjustment.

Mr. Hancock billed a flat rate of $450.00 for all work performed from 2019-2021. However, Mr. Hancock is not admitted to practice in the Court of Federal Claims. Therefore, the work he performed prior to being admitted to the Court can only be billed at the rate of a paralegal. I thus award Mr. Hancock the hourly rates of $156.00 per hour for work performed in 2019, $163.00 per hour for work performed in 2020, and $172.00 per hour for work performed in 2021. **Applying these rates reduces the amount of fees to be awarded to Petitioner's former counsel Benjamin Hancock by $6,328.90**.[3]

## ATTORNEY COSTS

Petitioner's current counsel John Howie, Jr., is seeking $6,060.56 in compensation for attorney costs, including $66.07 for medical records and $5,086.33 for an expert report from psychiatrist Gerald S. Fredman, M.D. ECF No. 51-3 at 1. Gerald S. Fredman, M.D. was retained by Petitioner's prior counsel, Benjamin Hancock. ECF 51 at 9-10; ECF 51-

---

[3] This amount consists of reducing Mr. Hancock's rates for 2019 from $450.00 to $156.00, 2020 from $450.00 to $163.00, and 2021 from $450.00 to $172.00 and is calculated as follows: ($450.00 - $156.00 = $294.00 x 13.3 hrs.) + ($450.00 - $163.00 = $287.00 x 3.1 hrs.) + ($450.00 - $172.00 = $278.00 x 5.5 hrs.) = $6,328.90.

3 at 2 (invoice for Dr. Fredman's report) and 14 (invoice for records from Dr. Fredman). However, medical experts were not requested or authorized in this case and the materials from Dr. Fredman were not provided to Respondent or filed with the Court until after Petitioner filed her Motion for Attorney's Fees and Costs. *See* Exhibits 19 and 20. These costs will therefore be denied. **Application of the foregoing reduces the amount of costs to be awarded to Petitioner's current counsel, John Howie, Jr., by $5,152.40.**

Petitioner's former counsel, Benjamin Hancock, requests $394.87 in costs. ECF No. 51-5 at 5. These costs reflect the expense of a research attorney who performed general research into the Vaccine Program and into the admission process to the Court. Billing is not permitted for information regarding general admission into the Vaccine Program and admission to the Court. *See*, e.g., *Beyerl v. Sec'y of Health & Human Servs*., No. 20-32V, 2021 WL 4205303, at *4 (Fed. Cl. Spec. Mstr. Aug. 18, 2021) ("Time spent learning about the Vaccine Program is not compensable."); *Goldie v. HHS*, No. 18-1476, 2019 WL 7496619, *4 (Fed. Cl. Spec. Mstr. Dec. 6, 2019) ("General research conducted for the purpose of familiarizing oneself with medical terminology, filing procedures, and case law are not recoverable tasks under the Vaccine Act.") (citing *Helton v. HHS* No. 16-0234V, 2017 WL 4020452, at *5 (Fed. Cl. Spec. Mstr. Aug. 28, 2017) (holding that "'it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program'"). Thus, these costs will be denied. **Application of the foregoing reduces the amount of costs to be awarded to Petitioner's former counsel Benjamin Hancock by $394.87.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $49,079.76 as follows:**

**A lump sum of $45,193.66, representing reimbursement for attorney's fees and costs, to be paid through an ACH deposit to Petitioner's counsel of record: John Howie, Jr.'s, IOLTA account for prompt disbursement; and**

**A lump sum of $3,886.10, representing reimbursement for attorney's fees and costs to be paid through an ACH deposit to Petitioner's former counsel: Benjamin Hancock's IOLTA account for prompt disbursement.**

4

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.